**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION**

| | | |
|---|---|---|
| SHERIANNA SENTER | : | |
| | : | CASE NO.:_____ |
| Plaintiff, | : | |
| | : | JUDGE: _____ |
| | : | |
| v. | : | MAGISTRATE JUDGE: _____ |
| | : | |
| GREEN VILLAGE SKILLED | : | |
| NURSING & REHABILITATION LTD., | : | **JURY DEMANDED** |
| | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

**I.   INTRODUCTION**

1. This is an action brought by Sherianna Senter ("Plaintiff" or "Plaintiff Senter") against Green Village Skilled Nursing & Rehabilitation Ltd. ("Defendant Green Village" or "Defendant").

2. Defendant has unlawfully failed to pay Plaintiff the state and federally required overtime wages for hours she worked in excess of forty (40) in a given workweek. Plaintiff seeks all available relief under the Ohio Constitution, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, ("the Ohio Wage Act"), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Additionally, Defendants have violated the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts") by failing to pay Plaintiff all wages earned by her within thirty (30) days of her last date worked.

3. Accordingly, Plaintiff brings this action to recover both unpaid overtime wages and related damages.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

5. This Court has supplemental jurisdiction over Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same controversy.

6. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Summit County, Ohio and Defendant's place of business resides in this district.

## III. THE PARTIES

7. Plaintiff Sherianna Senter is an adult who resides at 2382 E. Market St., Akron, Ohio 44312 (Summit County). From approximately January 15, 2020, to the present, Plaintiff Senter worked for Defendant Green Village in the State of Ohio at Defendant's principal location as a Licensed Practical Nurse (LPN) and supervised two (2) State Tested Nursing Assistants (STNAs) within Defendant's facility prior to the outbreak of the COVID-19 pandemic ("the pandemic"). Plaintiff Senter supervised these STNAs in their performance of medicating and providing treatment to patients. After the outbreak of the pandemic, Plaintiff was placed on Defendant's COVID Ward, where she would administer both medication and treatments to patients affected by and suffering from the COVID-19 virus and did not supervise the two (2) STNAs. Both positions were performed in Defendants' place of business in Summit County, Ohio and both positions required Plaintiff to be compensated at an hourly rate, with the overall compensation in a workweek depending on the number of hours Plaintiff would work.

8. From approximately January 15, 2020, to the present, Plaintiff Senter was an "employee" of Defendant's as defined by the FLSA, § 203(e)(1), and within the meaning set forth in the Ohio Wage Act.

9. During her employment with Defendant, Plaintiff Senter was not fully and/or properly paid for all compensable hours worked because Defendant did not adequately compensate Plaintiff Senter for her total hours worked, resulting in unpaid overtime wages.

10. Defendant Green Village is a domestic for-profit Limited Liability Company doing business out of 708 Moore Rd., Akron, Ohio 44319. Process may be served on its Registered Agent, VRC management, Inc., at 405 Tallmadge Road, Cuyahoga Falls, Ohio 44221.

11. Defendant Green Village operates a health clinic that provides nursing care and medical treatment for residents who require long-term care or who are recovering from surgery injury or illness by offering skilled nursing services for the purpose of providing post-operative care, assistance with stroke and cardiac recovery, disease recovery and management, ostomy and catheter care, and other nursing-related services. Further, Defendant provides in-house care at its residential housing facility within the Akron area.

12. During all times material to this complaint, Defendant was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning set forth in the Ohio Wage Act.

13. During all times material to this complaint, Defendant operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), in that said enterprise is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution (regardless of whether or not such hospital or institution is public or private or operated for profit or not for profit).

14. During all times material to this complaint, Defendant operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During all times material to this complaint, Defendant employed Plaintiff to work at its facility within the meaning of the FLSA, the Ohio Constitution and the Ohio Acts.

**IV.     STATEMENT OF FACTS**

16. Defendant is in the business of providing healthcare services (post-operative care, assistance with stroke and cardiac recovery, disease recovery and management, ostomy and catheter, care, and other nursing-related services), to various residents in Ohio.

17. Plaintiff Senter was employed by Defendant at its principal place of business, located at 708 Moore Road, Akron, Ohio 44319, as a Licensed Practical Nurse (LPN).

18. Plaintiff was an hourly, non-exempt employee of Defendant's as defined in the FLSA and the Ohio Acts.

19. During her employment with Defendant, Plaintiff was not fully and properly paid for all her compensable hours worked because Defendant did not adequately compensate all of Plaintiff's compensable hours, resulting in unpaid overtime wages.

20. Plaintiff regularly worked more than forty (40) hours in a workweek for nearly all the time she worked for Defendant.

21. Per Defendant's policies, Plaintiff's hours were recorded on an electronic Employee Timesheet, which was kept in Defendant's possession.

22. Throughout Plaintiff's employment, Defendant would have Plaintiff shift from either supervising the two (2) STNAs to working in the COVID Ward.

23. Plaintiff regularly worked shifts lasting up to twelve (12) hours, whether it be supervising the two (2) STNAs or working in the COVID Ward.

24. Plaintiff was compensated by Defendant on an hourly basis and not on a salary or fee basis.

25. During her shifts as an LPN in charge of two (2) STNAs, Plaintiff supervised these STNAs in their performance of both medicating and providing treatment to patients.

26. Although Plaintiff oversaw the two (2) STNAs, Defendant compensated Plaintiff for her performance in this role by way of the total number of hours she worked in a respective workweek at her hourly rate (which often changed from either $23.00 per hour and $26.00 per hour), thus allowing her compensation to be dependent on the number of hours she worked in a respective workweek, which enabled her compensation to be a function of her hours worked and not a guaranteed sum of money.

27. Additionally, although Plaintiff oversaw the two (2) STNAs, Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Defendant's facility; rather, Plaintiff's primary job duties were to provide care for the sick, aged, injured, or ill by providing medical services/treatments to them and assisting the STNAs in doing the same.

28. Plaintiff worked in the COVID Ward from approximately the end of July 2020 through the end of August 2020, and then again from approximately November 2020 through January 2021.

29. While employed in the COVID Ward, Defendant increased Plaintiff's hourly rate to reflect her usual overtime rate she had while overseeing the STNAs, which varied from $34.50

per hour to $39.00 per hour, depending on whether it was a week where Plaintiff was paid at the regular hourly rate of $23.00 or $26.00.

30. However, while working in the COVID Ward, despite Plaintiff's new regular hourly rate becoming the respective rates of $34.50 per hour or $39.00 per hour, Defendant did not adjust its calculations to compensate Plaintiff at 150% for all hours worked over forty (40) in a workweek and would only compensate Plaintiff at $34.50 per hour or $39.00 for these hours worked over 40 in a workweek.

31. Defendant did not compensate Plaintiff at the proper $51.75 per hour or the $58.50 per hour for her hours worked over 40 in a workweek while working in the COVID Ward, depending on her regular rate for the particular week.

32. Further, Plaintiff's owed hourly overtime compensation rate should be even higher than the aforementioned $51.75 per hour or the $58.50 per hour, as Defendant would often pay Plaintiff a Hazard Pay and/or a Shift Premium each workweek while Plaintiff worked in the COVID Ward, which would ultimately add to her total compensation in a workweek, thus increasing her regular rate and, in turn, increasing her owed overtime hourly rate.

33. In fact, with the inclusion of Hazard Pay and/or Shift Premium in the regular rate for a particular workweek of Plaintiff Senter, Plaintiff Senter's regular rate was found to reach up to $39.05 per hour, or $58.58 per hour for every hour worked over forty (40) in that particular workweek.

34. Yet, while working in the COVID Ward, Defendant never paid Plaintiff at time-and-a-half for all hours worked over forty (40) in a given workweek as it stated to her that, by increasing her hourly rate to her former overtime rate, this would be compensation in place of her federally and state owed pay at time-and-a-half for all hours worked over forty (40) in a given workweek.

35. Plaintiff did not receive one and one-half times her regular rate for any hours she worked in excess of forty (40) in a workweek.

36. Indeed, this pay practice put in place by Defendant resulted in Plaintiff not being paid the state and federally mandated one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in a workweek.

37. The unpaid work, done in excess of forty (40) hours in a workweek that should have been paid at one and one-half times her regular rate, performed by Plaintiff directly benefited Defendant by reducing the cost of labor for Defendant who willfully withheld compensation for that work from her.

38. Plaintiff was furthering the business purposes of Defendant's enterprise when she performed her job duties and when she performed the tasks that were integral and indispensable to her principal work activities.

39. Plaintiff was not paid on a salary basis and did not receive at least $684.00 per week for all weeks she worked.

40. Plaintiff was Defendant's "non-exempt" employee under the FLSA, the Ohio Constitution and the Ohio Wage Act.

41. Plaintiff was not in a job classification and did not perform job duties which were exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay for all hours worked and/or overtime.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered a loss of income and federal and Ohio wage violations.

43. The FLSA and Ohio Wage Act requires Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

44. Defendant's violations of the FLSA and the Ohio Wage Acts are willful because Defendant did not have a good faith basis for the way it paid Plaintiff.

## V. CAUSES OF ACTION

### COUNT I
### FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME WAGES

45. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

46. During all times material to this Complaint, Defendant was an "employer" as defined by the FLSA, § 203(d).

47. During all times material to this Complaint, Plaintiff was an "employee" of Defendant as defined by the FLSA, § 203(e)(1).

48. Defendant, as described above, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

49. Plaintiff was not exempt from receiving FLSA overtime benefits because *inter alia*, she was not an "executive," "administrative," or "learned professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

50. Plaintiff was not paid on a salary basis and was not paid at least $684.00 per week for every week she worked.

51. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 C.F.R. § 541.301.

52. Plaintiff should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the Complaint.

53. At all times material to this Complaint, Defendant employed Plaintiff to work as a Licensed Practical Nurse (LPN) in furtherance of its business purpose of providing nursing care and medical treatment for residents who require long-term care or who are recovering from surgery injury or illness by offering skilled nursing services for the purpose of providing post-operative care, assistance with stroke and cardiac recovery, disease recovery and management, ostomy and catheter, care, and other nursing-related services.

54. At all times material to this Complaint, Defendant regularly employed Plaintiff to work more than forty (40) hours in a workweek.

55. At all times material to this Complaint, Plaintiff did not receive one and one-half times her regular rate for all hours she worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

56. At all times relevant to this Complaint, Defendant violated the FLSA by repeatedly failing to compensate Plaintiff for all hours worked.

57. At all times relevant to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Plaintiff the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's regular pay rate for all hours worked in excess of forty (40) worked in one workweek.

58. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

59. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a joint willful and/or reckless disregard for the provisions of the FLSA.

## COUNT II
## OHIO WAGE ACT
## FAILURE TO PAY OVERTIME WAGES

60. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

61. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* R.C. §§ 4111, *et seq.*; see also 29 U.S.C. § 206(b).

62. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

63. At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and have been thus required to comply with its mandates.

64. At all times relevant to this Complaint, Plaintiff was a covered "employee" of Defendant's pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

65. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff for all hours worked, including Defendant's repeated action of refusing to compensate Plaintiff for all hours worked over forty hours in one workweek at a rate not less than one and one-half times.

66. At all times material to this Complaint, Plaintiff did not receive one and one-half times her regular rate for all hours she worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

67. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to pay Plaintiff the legally mandated overtime premium at a rate no less than

one and one-half Plaintiff's regular pay rate for all hours worked in excess of forty (40) worked in one workweek.

68. Plaintiff is not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff was not exempt from receiving overtime because she was not an "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541.0.

69. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

### COUNT III
### OHIO PROMPT PAY ACT-
### FAILURE TO PROMPTLY PAY WAGES

70. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

71. At all times relevant to this Complaint, Defendant was Plaintiff's "employer", and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

72. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

73. At all times relevant to this Complaint, Defendant has refused to promptly pay Plaintiff—Defendant has missed, and has not yet paid, several overtime payments owed to Plaintiff earned through her working more than forty hours in a workweek in the COVID Ward beginning in approximately the end of July of 2020—within (30) days of performing the work. *See* R.C. § 4113.15(A).

74. At all times relevant to this Complaint, Defendant has refused to pay Plaintiff all owed overtime wages at one and one-half times her normal hourly rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

75. Plaintiff's wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

76. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or were otherwise exhibited a reckless disregard of the OPPA's provisions.

## **JURY DEMAND**

Plaintiff requests a trial by jury on all her claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sherianna Senter ("Plaintiff") prays that this Court enter the following relief:

1. Expectation and damages for all missed payments taken from or applied to Plaintiff's pay;

2. An order awarding Plaintiff back pay equal to the amount of all unpaid overtime and hourly pay for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages;

3. Awarding Plaintiff the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A).

4. An order awarding attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and,

5. Any other relief to which the Plaintiff may be entitled.

Dated: May 25, 2021                              Respectfully Submitted,

**BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP**

/s/*Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Counsel for Plaintiff*